O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE DUARTE, | ) | No. CV 15-9251-CAS (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| RAYMOND MADDEN, | ) | |
| Respondent. | ) | |

On May 6, 2016, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and that this action be dismissed with prejudice. On June 6, 2016, petitioner filed objections to the R&R.

In his objections, petitioner asserts numerous allegations of ineffective assistance of trial counsel that he did not raise in his Petition. (See Objections at 11-13). A district court has discretion, but is not required, to consider claims presented in a party's objections to a magistrate judge's report and recommendation. Brown v. Roe, 279 F.3d 742 (9th Cir. 2002). In deciding whether to consider the newly presented claims, the district court must actually exercise its discretion rather than summarily deny the claims. Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012) (citing United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000)).

Here, the Court, in its discretion, elects not to address the new allegations of attorney error that petitioner has raised in his objections. Petitioner has had ample time and opportunity to state

the nature of his ineffective assistance of counsel claims.  He initiated this action on December 1, 2015.  The magistrate judge issued his R&R on May 6, 2016.  At no point during that long intervening period did petitioner seek to amend his Petition to assert an ineffective assistance of counsel claim other than the allegations of attorney error alleged in the Petition.  Accordingly, there is no reason to allow petitioner to use his objections to the magistrate judge's R&R to assert any new allegations of attorney error before this Court.

Regardless, even if the Court were to consider the allegations of attorney error that petitioner has asserted in his objections, none of those allegations would warrant habeas relief. At bottom, petitioner's new allegations of attorney error involve counsel's purported failure to familiarize himself with the relevant law, conduct an adequate pre-trial investigation, and challenge the evidence against petitioner.  (Objections at 11-13).  These allegations fail because they are conclusory.  Indeed, other than generally alleging that counsel's performance was deficient, petitioner cites little in the way of specific shortcomings on counsel's part.  Moreover, even where petitioner identifies such a shortcoming -- such as counsel's purported failure to show that the incriminating items found in petitioner's car had no connection to any victim -- petitioner cites no line of questioning that counsel could have pursued that would have benefitted petitioner's defense.  Such conclusory and unsupported allegations of attorney error do not warrant habeas relief.  See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) (habeas relief not warranted where claims for relief are unsupported by facts).

Furthermore, there is no reason to believe that petitioner suffered prejudice from counsel's purported deficient performance.  As discussed in the R&R, the evidence against petitioner -- including the detailed testimony of four of his victims, the statements of his son, and the DNA evidence and other items recovered from petitioner's van -- was overwhelming.  (See Docket No. 16 at 20).  Consequently, petitioner cannot show a reasonable likelihood that, but for counsel's purported errors, the jury would have reached a verdict more favorable to petitioner than the one

it actually reached. See Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file records herein, the Magistrate Judge's Report and Recommendation, and petitioner's objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Judgment shall be entered consistent with this Order.
3. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: June 20, 2016

_____
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE